UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| RHINO METALS, INC., an Idaho corporation,<br><br>Plaintiff,<br><br>v.<br><br>KODIAK SAFE COMPANY LLC, a California limited liability company,<br><br>Defendant. | **Case No. 1:18-mc-00036-SKO**<br><br>**ORDER ON PLAINTIFF'S *EX PARTE* APPLICATION FOR APPEARANCE AND EXAMINATION OF JUDGMENT DEBTOR AND RELATED DISCOVERY**<br><br>(Doc. 3) |

## INTRODUCTION

On June 29, 2018 judgment was entered in favor of Plaintiff Rhino Metals, Inc. ("Plaintiff, Judgment Creditor or Rhino") and against Defendant Kodiak Safe Company LLC ("Defendant or Judgment Debtor") in the United States District Court for the District of Idaho. (Doc. 1 at 2–3.) On July 20, 2018, Plaintiff filed a Notice of Registration of Judgment for Enforcement along with a Clerk's Certification of Judgment to be Registered in Another District. (Docs. 1 & 1-3). On August 13, 2018, Plaintiff filed an *ex parte* application for Defendant to appear for examination and respond to certain discovery requests. (Doc. 3.)

## DISCUSSION

Registration of foreign judgments is governed by 28 U.S.C. § 1963 which provides that a judgment entered in district court may be registered by filing a certified copy of the judgment in

-1-

any judicial district once the judgment has become final. A judgment which is registered has the same effect as a judgment of the district court where it is registered and may be enforced in like manner. 28 U.S.C. § 1963. The Court finds that Plaintiff has satisfied the requirement of 28 U.S.C. § 1963 because judgment in the amount of $318,770.88 has been entered by the United States District Court for the District of Idaho and properly registered with this Court. (Doc. 1.)

Now that the judgment has been registered, Plaintiff has filed an application for a debtor examination and production of documents. (Doc. 3). Federal Rule of Civil Procedure 69 ("Rule 69") governs enforcement of judgment proceedings in federal courts. *Hilao v. Estate of Marcos*, 95 F.3d 848, 851 (9th Cir. 1996). Pursuant to Rule 69(a)(1), "[t]he procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *See also In re Estate of Ferdinand Marcos Human Rights Litigation*, 536 F.3d 980, 987–88 (9th Cir. 2008) ("[T]he procedure on execution is to be in accordance with the procedure of the state in which the district court is located at the time the remedy is sought."). In turn, California Code of Civil Procedure section 708.110 provides, in relevant part.

> (a) The Judgment Creditor may apply to the proper court for an order requiring the judgment debtor to appear before the court, or before a referee appointed by the court, at a time and place specified in the order, to furnish information to aid in enforcement of the money judgment.
>
> (b) If the Judgment Creditor has not caused the judgment debtor to be examined under this section during the preceding 120 days, the court shall make the order upon ex parte application of the judgment creditor.
>
> (c) If the Judgment Creditor has caused the judgment debtor to be examined under this section during the preceding 120 days, the court shall make the order if the judgment creditor by affidavit or otherwise shows good cause for the order. The application shall be made on noticed motion if the court so directs or a court rule so requires. Otherwise, it may be made ex parte.
>
> (d) The Judgment Creditor shall personally serve a copy of the order on the judgment debtor not less than 10 days before the date set for the examination. Service shall be made in the manner specified in Section 415.10. Service of the order creates a lien on the personal property of the judgment debtor for a period of one year from the date of the order unless extended or sooner terminated by the court.
>
> (e) The order shall contain the following statement in 14-point boldface type if printed or in capital letters if typed: "NOTICE TO JUDGMENT

> DEBTOR. If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court and the court may make an order requiring you to pay the reasonable attorney's fees incurred by the judgment creditor in this proceeding."

Cal. Civ. Proc. Code § 708.110(a)–(e). California Code of Civil Procedure section 708.160(b) also provides that "[a] person sought to be examined may not be required to attend an examination before a court located outside the county in which the person resides or has a place of business unless the distance from the person's place of residence or place of business to the place of examination is less than 150 miles."

Under California law, judgment debtor proceedings "permit the judgment creditor to examine the judgment debtor, or third persons who have property of or are indebted to the judgment debtor, in order to discover property and apply it toward the satisfaction of the money judgment." *United States v. Feldman*, 324 F. Supp. 2d 1112, 1116 (C.D. Ca. 2004) (quoting *Imperial Bank v. Pim Elec., Inc.*, 33 Cal.App.4th 540 (1995)). Debtor examination is intended "to allow the judgment creditor a wide scope of inquiry concerning property and business affairs of the judgment debtor, and to leave no stone unturned in the search for assets which might be used to satisfy the judgment." *Alcade v. NAC Real Estate Investments & Assignments, Inc.*, 580 F. Supp. 2d 969, 970 (C.D. Cal. 2008) (citations and internal punctuation omitted).

Plaintiff's application sets forth the showing required by Rule 69(a) and the applicable provisions of the California Code of Civil Procedure sections 708.110 and 708.160. Specifically, Plaintiff has not sought previously, nor has it conducted, a debtor examination of Defendant in connection with this action. *See* Cal. Civ. Proc. Code § 708.110(b); *see also* Doc. 3-4 ¶ 6. Additionally, Defendant's principle place of business is located in Fresno, California, and according to Plaintiff, the sole manager and member of Defendant Kodiak Safe Company LLC is Ms. Cassandra Tanney, who resides in Fresno as well. *See* Cal. Civ. Proc. Code § 708.160(b); *see also* Doc. 3-4 ¶¶ 6–7, Exs. D & E. Accordingly, Plaintiff properly filed an *ex parte* application for an order requiring the Judgment Debtor to appear for examination, and this Court is the proper venue for the examination.

Plaintiff also seeks an order from this Court requiring Defendant to produce documents and respond to interrogatories prior to the examination. (Doc. 3-1 at 4–5.) Rule 69(a)(2) provides that "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located." Thus, under Rule 69(a)(2), Plaintiff is "welcome to pursue discovery from [Defendant] either under Fed. R. Civ. P. 26, which governs discovery under the federal rules, or under Cal. Civ. Proc. Code § 708.020 (written interrogatories) and § 708.030 (inspection of documents)." *Icho v. PacketSwitch.com, Inc.*, No. CV 1-20858-LHK PSG, 2012 WL 4343834, at *2 (N.D. Cal. Sept. 21, 2012). Here, however, an order requiring Defendant to respond to Plaintiff's discovery requests is premature because Plaintiff has not served Defendant with any discovery requests and Plaintiff has not shown Defendant has failed to adequately respond to the discovery requests. Accordingly, while Plaintiff is free to propound discovery in accordance Rule 69 and other applicable rules governing discovery under the Federal Rules of Civil Procedure, including filing a motion to compel if necessary, the Court denies without prejudice Plaintiff's request for an order compelling Defendant to respond to Plaintiff's discovery requests.

## **CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant/Judgment Debtor Kodiak Safe Company LLC, by and through its manager, Ms. Cassandra Tanney, shall appear personally for an examination ("Debtor Examination") on November 14, 2018 at 9:30 AM in Courtroom 7 (SKO) of the United States District Courthouse, located at 2500 Tulare Street in Fresno, California, before Magistrate Judge Sheila K. Oberto, to furnish information to aid in enforcement of a money judgment by answering questions about the Defendant/Judgment Debtor's real property and personal property and assets;

2. Plaintiff/Judgment Creditor must serve this order upon Defendant/Judgment Debtor personally not less than ten (10) days before the date set for the Debtor Examination and must file a certificate of such service with the Court.

**NOTICE TO JUDGMENT DEBTOR. IF YOU FAIL TO APPEAR AT THE TIME AND PLACE SPECIFIED IN THIS ORDER, YOU MAY BE SUBJECT TO ARREST AND PUNISHMENT FOR CONTEMPT OF COURT AND THE COURT MAY MAKE AN ORDER REQUIRING YOU TO PAY THE REASONABLE ATTORNEYS' FEES INCURRED BY THE JUDGMENT CREDITOR IN THIS PROCEEDING.[1]**

IT IS SO ORDERED.

Dated: __**August 15, 2018**__    /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

---

[1] This notice is furnished pursuant to California Code of Civil Procedure section 708.110(e).

- 5